UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONOR RAMIREZ, | Case No. CV 12-5333-SP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

**I.**

**INTRODUCTION**

On June 27, 2012, plaintiff Leonor Ramirez filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one issue for decision: whether the Administrative Law Judge ("ALJ") properly considered the opinion of the consultative examiner. Plaintiff's Memorandum in Support of Complaint ("P. Mem.") at 5-8; Defendant's Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-6.

Having carefully studied, inter alia, the parties's moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ failed to provide a clear and convincing reason why he rejected part of the consultative examiner's opinion. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was fifty-one years old on the date of her February 10, 2011 administrative hearing, has a tenth grade education. AR at 39, 44, 97. Plaintiff has past relevant work as a hand packager. *Id.* at 50.

On May 26, 2009, plaintiff protectively filed an application for a period of disability and DIB. *Id.* at 97. On June 24, 2009, plaintiff filed an application for SSI. *Id.* at 25. The Commissioner denied plaintiff's application initially, after which she filed a request for a hearing. *Id.* at 55-60.

On February 10, 2011, plaintiff, appearing without counsel, testified at a hearing before the ALJ. *Id.* at 39-52. The ALJ also heard testimony from Gregory Jones, a vocational expert. *Id.* at 50-51. On February 17, 2011, the ALJ denied plaintiff's claim for benefits. *Id*. at 25-35.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since February 7, 2005, the alleged onset date. *Id*. at 27.

At step two, the ALJ found that plaintiff suffered from the following severe

impairments: degenerative disc disease of the lumbar spine; diabetes mellitus; bilateral carpal tunnel syndrome; degenerative joint disease of the bilateral knees; and obesity. *Id.* at 28.

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.*

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that she had the RFC to perform light work with the following limitations: lift up to twenty pounds occasionally and ten pounds frequently; stand/walk/sit up to six hours in an eight-hour workday; only frequently climb stairs and ramps, stoop, and crouch; no climbing of ladders, ropes, or scaffolds; avoid exposure to hazards; frequently but not constantly handle and finger bilaterally; and avoid concentrated extreme exposure to heat and cold. *Id.* at 29.

The ALJ found, at step four, that plaintiff could not perform her past relevant work. *Id*. at 33-34.

At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including general cashier and housekeeping cleaner. *Id.* at 34-35. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id*. at 35.

---

[1]  Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that

4

of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues that the ALJ erred because he failed to provide a clear and convincing reason for rejecting the opinion of consultative examiner, Dr. Lakshmi Sadasivam, that plaintiff required frequent breaks when standing and walking.  P. Mem. at 5-8.  The court agrees.

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence.  20 C.F.R. §§ 404.1527(b), 416.927(b).  In evaluating medical opinions, the regulations distinguish among three types of physicians:  (1) treating physicians; (2) examining physicians; and (3) non-examining physicians.  20 C.F.R. §§ 404.1527(c),(e), 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended).  "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).  The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285.  If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight.  *Lester*, 81 F.3d at 830.  If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by

substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

On December 19, 2009, Dr. Sadasivam, an internist, examined plaintiff. AR at 341-46. Plaintiff's medical records were unavailable for Dr. Sadasivam's review. *Id*. at 342. Dr. Sadasivam observed, among other things, that plaintiff had normal range of motion in her back, a negative straight leg raising test, and a normal gait. *Id.* at 344-45. Dr. Sadasivam diagnosed plaintiff with uncontrolled diabetes mellitus, lumbar disc degenerative disease status post surgery in August 2009, and carpal tunnel syndrome involving both hands. *Id.* at 345. Dr. Sadasivam opined that plaintiff could: lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk six hours in an eight-hour workday with frequent breaks; sit for six hours in an eight-hour workday; climb, stoop, and crouch frequently; and do gross and fine manipulation with both hands frequently. *Id.* Dr. Sadasivam further opined that plaintiff should be limited from working in a hazardous environment and avoid working in cold and extremes of temperature. *Id.*

The ALJ explicitly gave considerable weight to the opinion of Dr. Sadasivam, noting that she was an internal medicine specialist, she had knowledge of the disability program, she personally examined plaintiff, and her opinion was consistent with other evidence.[2] *Id*. at 33. Despite giving Dr. Sadasivam

---

[2] The ALJ incorrectly stated that Dr. Sadasivam had the opportunity to review the medical records. *See* AR at 33. On the contrary, Dr. Sadasivam reported that

6

considerable weight, the ALJ failed to adopt Dr. Sadasivam's opinion that plaintiff required frequent breaks while standing and/or walking. *Compare id.* at 29, 345.

Defendant does not dispute that the ALJ failed to give a reason for rejecting Dr. Sadasivam's opined limitation. D. Mem. at 3. Nevertheless, defendant contends that the ALJ did not err because the court may reasonably assume that the ALJ rejected the limitation because it was inconsistent with the record as a whole. *Id.* The court disagrees. Although the court may draw inferences from an ALJ's decision, particularly when an ALJ provides a detailed account of the medical evidence that supports his conclusion, the court declines to draw such an inference here, for the reasons that follow. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

First, the ALJ discussed plaintiff's medical history in detail, which discussion arguably may be interpreted as inconsistent with Dr. Sadasivam's opinion that plaintiff required frequent breaks. *See* AR at 30-33. But the ALJ also stated that Dr. Sadasivam's "opinion [was] consistent with the other evidence of record." *Id.* at 33. This statement runs directly counter to defendant's argument that the ALJ found Dr. Sadasivam's opined limitation was inconsistent with the record.

Second, even if the ALJ's decision somehow could be interpreted as stating only the adopted limitations were consistent with the other evidence on record and the unadopted limitation was inconsistent, the ALJ erred in his account of the medical evidence. The ALJ's decision appeared to be premised, in large part, on the type of treatment plaintiff received for her back pain. The ALJ openly questioned the veracity of plaintiff's claim that she had lumbar surgery in 2009, given the absence of any record documenting the surgery, and characterized her

---

there were no medical records for her to review and her opinion was based on the physical examination and her observations. *Id.* 342, 345.

treatment as routine and/or conservative in nature. *See* AR at 32. But Dr. Sadasivam observed a post surgical scar on plaintiff's back, which indicated that, despite the lack of medical records, plaintiff underwent back surgery as she testified. *Id*. at 344. Thus, although the ALJ may have correctly characterized plaintiff's earlier treatment as conservative, by 2009, a treating physician determined that plaintiff's condition was severe enough to require surgery. In short, the ALJ's determination that plaintiff's treatment for her back pain was conservative was not based on substantial evidence.

Accordingly, the ALJ erred because he failed to provide a clear and convincing reason supported by substantial evidence for rejecting Dr. Sadasivam's opinion that plaintiff required frequent breaks when standing or walking.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred when he failed to provide a clear and convincing reason to reject Dr. Sadasivam's opinion

regarding plaintiff's standing and walking limitations. On remand, the ALJ shall reconsider Dr. Sadavsivam's opinion that plaintiff required frequent breaks when standing and/or walking and either credit her opinion or provide clear and convincing reasons supported by substantial evidence for rejecting it. The ALJ shall then proceed through steps four and five to determine what work, if any, plaintiff is or was capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: May 14, 2013

SHERI PYM
United States Magistrate Judge